**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SCOTT ANNICELLI, | |
| Plaintiff, | |
| -against- | 25 Civ. 2424 (RMB) (KHP) |
| NEW YORK CITY POLICE DEPARTMENT and CITY OF NEW YORK, | **DECISION AND ORDER** |
| Defendants. | |

Magistrate Judge Katherine Parker has written a fine Report and Recommendation ("Report"). Plaintiff succeeds in setting forth facts sufficient to defeat Defendants' motion to dismiss and he explains why he believes that his religious beliefs "conflict with the [New York City covid] Vaccine Mandate[1] [and] plausibly support a claim for discrimination." Report at 25.

Magistrate Judge Parker, having carefully examined the Plaintiff's claims[2] and the Defendants' motion to dismiss, recommends that: (i) the New York City Police Department ("NYPD") be dismissed as a party from the case; (ii) Plaintiff's so-called "cooperative dialogue" claim be dismissed, but without prejudice; and

---

[1] See N.Y.C. Dep't of Health and Mental Hygiene, Order of the Commissioner to Require COVID-19 Vaccination for City Employees and Certain City Contractors (Oct. 20, 2021), https://www.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-city-employees.pdf.

[2] On March 24, 2025, Plaintiff filed this case alleging four causes of action against the Defendants, namely: (1) violation of the Free Exercise Clause of the First Amendment; (2) failure to accommodate the Plaintiff's religious beliefs in violation of the NYCHRL; (3) failure to accommodate the Plaintiff's religious beliefs in violation of the NYSHRL; and (4) failure to engage in a "cooperative dialogue" with Plaintiff to discuss his accommodation needs.

1

(iii) the claims against the City of New York ("City") for violation of the Free Exercise Clause and the claims against the City for failure to accommodate the Plaintiff (under the New York City Human Rights Law ("NYCHRL") and New York State Human Rights Law ("NYSHRL")) defeat Defendants' motion to dismiss. *Id.* at 31.

It should be noted that neither party has objected to the Report and, therefore, this Court has reviewed the Report only for clear error. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025) ("If a party fails to properly object to the R&R, the district judge reviews the R&R only for clear error."); *see also Cobalt Multifamily Invs. I, LLC v. Arden*, 857 F. Supp. 2d 349, 353 (S.D.N.Y. 2011) ("[F]ailure to timely object to a magistrate judge's report and recommendation operates as a waiver of appellate review of the district court's ultimate order.").

This Court adopts Magistrate Judge Parker's Report in its entirety.

## I.    Background

In summary, Plaintiff Scott Annicelli "alleges that he was 'constructively terminated' from his job at the New York City Police Department" because he refused on religious grounds to "receive" the Covid-19 vaccine. Report at 1-2. The "Vaccine Mandate . . . required all [New York] city workers, including [the New York City Police Department], to receive the COVID-19 vaccine." *Id.* at 2. The

City of New York, including the New York City Police Department, "implemented a procedure for accepting religious . . . accommodation requests." *Id.* If an employee followed the City's procedure and if he were approved for an accommodation, an employee was "allowed an alternative to vaccination . . . whereby [he] could submit a weekly negative [Covid-19] test result." *Id.* at 3.

Plaintiff contends that he filed a request to avoid the covid vaccination on religious accommodation grounds on October 25, 2021. *Id.* at 5. The NYPD Reasonable Accommodation Unit denied his request in December 2021 for three reasons. *Id.* at 6. First, Plaintiff's request for accommodation "was personal, political, or philosophical" and not religious. *Id.* Second, his request had "insufficient or missing religious documentation." *Id.* Third, his request did "not set forth how [his] religious tenets conflict[ed] with [the] vaccine requirement." *Id.* Plaintiff appealed the NYPD's denial to the New York City Vaccine Mandate Reasonable Accommodation Appeals Panel. *Id.* at 7. On May 15, 2022, the Panel denied Plaintiff's appeal, stating only "Does Not Meet Criteria." *Id.* at 7, 17.

Magistrate Judge Parker's thorough analysis in the Report recommends the following: (i) dismissal of the NYPD as a party; (ii) dismissal of the Plaintiff's cooperative dialogue claim but without prejudice; and (iii) all other claims against the City (e.g., for violation of the Free Exercise Clause and for failure to accommodate Plaintiff under the NYCHRL and NYSHRL) survive. *Id.* at 1, 31.

## II.    Legal Standard

When reviewing a magistrate judge report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations[.]" 28 U.S.C. § 636(b)(1)(C). "If a party fails to properly object to the R&R, the district judge reviews the R&R only for clear error." *See Nambiar*, 158 F.4th at 359. "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Ortiz v. Consol. Edison Co. of New York, Inc.*, 801 F. Supp. 3d 260, 272 (S.D.N.Y. 2025).

The facts alleged in a religious discrimination case must "give plausible support to a minimal inference of discriminatory motivation" to survive a motion to dismiss. *Littlejohn v. City of New York*, 795 F.3d 297, 310-11 (2d Cir. 2015). A plaintiff must show that he (1) "has a bona fide religious belief that conflicts with an employment requirement," (2) "informed his employer of his belief," and (3) "was disciplined for failure to comply with the conflicting employment requirement." *Algarin v. NYC Health + Hospitals Corp.*, 678 F. Supp. 3d 497, 512-13 (S.D.N.Y. 2014) (cleaned up) (citing *Price v. Cushman & Wakefield, Inc.*, 829 F. Supp. 2d 201, 222 (S.D.N.Y. 2011)).

NYCHRL provides that it "shall be unlawful discriminatory practice for an employer . . . to refuse or otherwise fail to engage in a cooperative dialogue . . . with a person who has requested an accommodation . . . [f]or religious needs." N.Y.C. Admin. Code § 8-107(28)(a). A "cooperative dialogue" is:

> the process by which [an employer] and a person entitled to an accommodation . . . engage in good faith in a written or oral dialogue concerning the person's accommodation needs; potential accommodations that may address the person's accommodation needs, including alternatives to a requested accommodation; and the difficulties that such potential accommodations may pose for the [employer]. N.Y.C. Admin. Code § 8-102.

## III.   Discussion

The Court adopts Magistrate Judge Parker's recommendations. For one thing, the NYPD is properly dismissed as a defendant in the case. Report at 10. The NYPD is a "non-suable entity" under Section 396 of the New York City Charter. *See id.* ("The Second Circuit has construed [Section 396] to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued.") (internal quotation marks and citations omitted). "Since the NYPD is a non-suable entity, all [discrimination] claims against the NYPD will be dismissed." *Trujillo v. City of New York*, 2016 WL 10703308, at *6 (S.D.N.Y. Mar. 29, 2016), *aff'd*, 696 F. App'x 560 (2d Cir. 2017) (collecting cases).

The Court also adopts Magistrate Judge Parker's recommendation to dismiss (without prejudice) the Plaintiff's "cooperative dialogue" claim under the

NYCHRL. Report at 31. The Court acknowledges and supports dismissal without prejudice "in the event Plaintiff may have additional facts that would somehow differentiate this case from [those which] have found the City's [accommodation] process [satisfied] the NYCHRL." *Id.*

The Court also adopts Magistrate Judge Parker's recommendation to deny the motion to dismiss the Plaintiff's claims of violation of the Free Exercise Clause and of failure to accommodate Plaintiff under NYCHRL and NYSHRL. *Id.* at 20-28. Plaintiff has (adequately) alleged that "he had a sincerely held religious belief" that conflicted with the Vaccine Mandate; that "he informed his employer of [those] religious beliefs"; and that "he was subjected to discipline as a result of his failure to comply [with the mandate]." *Id.* at 25.

Having reviewed the Report for clear error, the Court adopts the Report. *Jones v. Comm'r of Soc. Sec.*, 2013 WL 3486994, at *1 (S.D.N.Y. July 11, 2013) ("Having found no clear error on the face of the record, the Court adopts [the] Report and Recommendation in its entirety.").

## IV.    Conclusion and Order

Magistrate Judge Parker's Report is, as stated, adopted in its entirety.

6

The case is returned to Magistrate Judge Parker in accordance with the

Court's Order of Reference, dated April 17, 2025.


Dated:      March 30, 2026
            New York, New York        **RICHARD M. BERMAN, U.S.D.J.**

7